UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUTUMN T.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C23-5423-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by failing to properly evaluate the medical opinion evidence of State consultative examiners Dr. Enid Griffin, Psy.D., and Dr. Reginald Adkisson, Ph.D. (Dkt. # 12 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1989, has at least a high school education, and has previously worked as a cashier. AR at 24-25. Plaintiff was last gainfully employed in 2018. *Id.* at 18, 274.

ORDER - 1

On December 4, 2020, Plaintiff applied for benefits, alleging disability as of March 31, 2018. AR at 15. Plaintiff's application was denied initially on August 9, 2021, and on reconsideration on November 8, 2021, and Plaintiff requested a hearing. *Id*. After the ALJ conducted an online video hearing on May 5, 2022, the ALJ issued a decision finding Plaintiff was not disabled as she could perform work that existed in significant numbers in the national economy. *Id.* at 16, 25-26.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-3. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

ORDER - 2

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

Under regulations applicable to this case, an ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). "Supportability concerns how 'a medical source supports a medical opinion' with relevant evidence, while consistency concerns how 'a medical opinion is consistent with the evidence from other medical and nonmedical sources.'" *Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (quoting *Woods*, 32 F.4th at 791-92).

In assessing Plaintiff's residual functional capacity ("RFC"), the ALJ found Plaintiff had the capacity to perform a full range of work at all exertional levels, and that she was mentally capable of understanding, remembering, and applying short, simple instructions; performing routine, predictable tasks in an environment that is not fast paced; making simple decisions; and being exposed to occasional, routine workplace changes with occasional interaction with co-workers, supervisors, and the general public. AR at 20. Plaintiff argues the ALJ erred in rejecting the opinions of Plaintiff's State consultative examiners as to Plaintiff's mental functioning because the ALJ failed to provide sufficient explanations to discount their opinions in assessing Plaintiff's RFC. (Dkt. # 12 at 3-13.) The Commissioner argues the ALJ's rationale satisfied the relevant regulations. (Dkt. # 17 at 1-2.)

### A. The ALJ Did Not Harmfully Err in Assessing Dr. Griffin's Opinion

In November 2019, Dr. Griffin performed a consultative examination of Plaintiff for the Department of Social and Health Services ("DSHS") to evaluate Plaintiff's mental functioning. AR at 663-74. Dr. Griffin opined that Plaintiff had a marked limitation in completing a normal workday and workweek, but that she had no more than moderate mental limitations overall. *Id.* at 664-65. Dr. Griffin opined that Plaintiff would be impaired for ten months with available treatment. *Id.* at 665.

In his decision, the ALJ found Dr. Griffin's opinion "somewhat persuasive" as partially consistent with Plaintiff's treatment record and demonstrated functioning. AR at 23. The ALJ noted Dr. Griffin found that Plaintiff was anxious, exhibited trust issues, looked for threats, demonstrated problems with focus, sustained attention, and abstract thought, and that she exhibited somewhat fair to poor insight and judgment. *Id.* (citing *id.* at 666-67). However, the ALJ discounted Dr. Griffin's observations because Dr. Griffin was unable to physically observe Plaintiff's facial expressions or body language because the evaluation was conducted telephonically, despite finding her appearance to be normal. *Id.* Notwithstanding the infirmity with Dr. Griffin's observations, the ALJ found her opined limitations credible as demonstrating Plaintiff's mental symptoms were not severe because the limitations were consistent with Dr. Griffin's prognosis that Plaintiff's mental symptoms would last less than a year with treatment. *Id.* (citing *id.* at 665).

On this claim, the ALJ did not harmfully err in assessing Dr. Griffin's opinion. As to Dr. Griffin's findings based on Plaintiff's physical observation, it appears the ALJ was mistaken that Dr. Griffin's examination took place telephonically as it instead took place over an online video conference. *See* AR at 668 ("It should be noted the evaluation was conducted via

ORDER - 4

telehealth/video."). The ALJ therefore failed to provide substantial evidence to discount Dr. Griffin's opinion on the basis that she was unable to physically observe Plaintiff.

Nonetheless, Dr. Griffin ultimately estimated that Plaintiff's opined limitations, including her finding that Plaintiff had a marked limitation in completing a normal workday and workweek, would only last ten months with available treatment. AR at 664-65. This is a valid reason to find an opinion less persuasive for a disability determination. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"); *see also* 20 C.F.R. §§ 404.1505, 1509 (to meet definition of disability, claimant must have a severe impairment preventing work and that impairment must have lasted or be expected to last at least twelve months).

Furthermore, the ALJ's discounting of Dr. Griffin's opinion was appropriate given the presence of other opinions in the record from State psychological consultants Jon Anderson, Ph.D., and Bruce Eather, Ph.D., who both found no more than moderate limitations on Plaintiff's mental functioning. AR at 96-100, 104-06, 115-20. The ALJ found Dr. Anderson and Dr. Eather's opinions persuasive as supported and consistent with Plaintiff's record demonstrating that though Plaintiff alleges overwhelming anxiety and depression, her functioning improves when she takes her medications as prescribed (AR at 23). *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989) (holding ALJ was not required to accept an opinion that did not meet the durational requirements where there was another opinion in the record).

Consequently, the ALJ provided a valid reason for discounting Dr. Griffin's opinion based on the durational requirement and did not harmfully err in assessing her opinion. *See*

ORDER - 5

*Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding assessment of opinion evidence harmless so long as one valid reason for discounting the opinion was given).

### B. The ALJ Did Not Err in Assessing Dr. Adkisson's Opinion

Next, in July 2021, Dr. Adkisson performed a consultative psychological examination of Plaintiff to evaluate her mental functioning. AR at 884-90. Dr. Adkisson opined that Plaintiff had a mild limitation in understanding and memory, but that she experienced moderate limitations in her abilities to reason, concentrate, and in social interaction. *Id.* at 889. Dr. Adkisson opined that Plaintiff had a moderate to severe limitation in adaptation during periods of elevated anxiety and emotional dysphoria, but that she was likely to improve with treatment, including medication and reengagement in individual and/or group therapy to address her depression and anxiety. *Id.*

The ALJ found Dr. Adkisson's opinion was also "somewhat persuasive." AR at 24. The ALJ determined that Dr. Adkisson's opined limitations were partially consistent with the record and Plaintiff's demonstrated functioning, but that they were not fully supported by Plaintiff's "largely unremarkable mental-status examination." *Id.* (citing *id.* at 887-88). Specifically, the ALJ noted Plaintiff's record demonstrated that she suffered from moderate limitations in memory and adaptation. *Id.* As an example, the ALJ referenced Plaintiff's prior reports of having trouble with her memory, including needing information repeated (*id.* (citing *id.* at 303-08) despite Plaintiff demonstrating intact memory on Dr. Adkisson's exam. *Id.* (citing *id.* at 887 ("At the time of evaluation, the claimant presents with good memory for recent and remote events.")). The ALJ also pointed to prior evidence in the record that Plaintiff reported she was able to complete her activities of daily living, including driving, shopping, and cooking, and that on Dr.

ORDER - 6

Adkisson's examination, she demonstrated adequate insight into her condition and exhibited good judgment in a hypothetical situation. *Id.* (citing *id.* at 303-08, 888).

On this issue, the ALJ also did not err in assessing Dr. Adkisson's opinion. As noted by the ALJ, Dr. Adkisson's opined limitations were partially consistent with the record and Plaintiff's demonstrated functioning, but the ALJ found the record evinced an overall conclusion that her memory limitations were moderate, rather than mild, and that her adaptation limitations were moderate, rather than marked or severe. *See* AR at 24.

Regarding supportability, the ALJ noted Dr. Adkisson's opinion was partially persuasive given Plaintiff's presentation during her examination. AR at 24. During her examination, as to her memory limitations, Plaintiff was able to recall a past event, remember three of three objects after a short delay, and could repeat five digits forward and five backward. *Id.* at 887. Plaintiff also correctly completed some tasks requiring concentration, including spelling a five-letter word forward and backward, completing a three-step task, and following conversation, but did perform a "serial 3s" test with two errors. *Id.* at 888. As to adaptation, the ALJ found the degree of Dr. Adkisson's opined limitations not fully supported given Plaintiff's self-report during her examination that she could attend to all her activities of daily living without any assistance. *Id.* at 24 (citing *id.* at 888). The ALJ noted that Dr. Adkisson's examination also found that Plaintiff demonstrated good insight and fair judgment regarding her condition and that she demonstrated good judgment when presented a hypothetical situation. *Id.*

As to consistency with other evidence in the record, the ALJ found Dr. Adkisson's mental status findings were inconsistent with a prior function report in the record. AR at 24. Based on the prior function report, the ALJ noted Plaintiff's record evinced greater difficulties with her memory limitations than opined by Dr. Adkisson (*id.* (citing *id.* at 303, 308)), but that

ORDER - 7

she demonstrated her adaptation abilities were not as severe as opined given her noted ability to complete her activities of daily living despite her difficulties with anxiety and depression. *See id.* (citing *id.* at 304-07).

Because the ALJ clearly recognized the inconsistency of Dr. Adkisson's opined memory and adaptation limitations with Plaintiff's record, and why Plaintiff's adaptation limitations were not fully supported by Dr. Adkisson's own findings, the ALJ did not err in partially discounting Dr. Adkisson's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). As the ALJ's supportability and inconsistency findings sufficiently explain why the ALJ found Dr. Adkisson's opinion somewhat persuasive, the ALJ did not err in assessing his opinion. *See Woods*, 32 F.4th at 791-92, 793 n.4 (holding valid finding of inconsistency sufficient to affirm ALJ's discounting of medical opinion).

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED, and this case is DISMISSED with prejudice.

Dated this 28th day of February, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8